### SCHMID et v STRINGFELLOW et

Ohio Appeals, 7th Dist, Mahoning Co

No 2366. Decided April 16, 1937

Charles F. Schlarb, Youngstown, for appellants.

Walter E. Stankiewicz, Youngstown, for appellees.

## OPINION

By CARTER, J.

This cause is in this court upon an appeal on questions of law. The plaintiffs appellants brought their action against the defendants appellees to recover for rent claimed to be due them from defendants appellees in the amount of $275.00. This rent was claimed to be due under a certain written lease to which reference will be made later in this opinion.

The action was first instituted in the Municipal Court of the city of Youngstown, where a finding was made by that court in favor of the defendants. Appeal was prosecuted to the Common Pleas Court, trial had to the court and jury and at the conclusion of plaintiffs' evidence a motion was made by defendants for a directed verdict on the ground that plaintiffs had not made out a cause of action. This motion was overruled. Some further evidence was introduced by the defendants, and some rebuttal evidence on behalf of plaintiffs. Upon conclusion of all of the evidence a motion was again made by counsel for defendants for a directed verdict. Thereupon counsel for plaintiffs made a similar motion, and immediately counsel for defendants withdrew his motion. Arguments were then made to the court on the motion of plaintiffs, and after conclusion thereof the court made the following finding:

"I hold as a matter of law that this is not a tenure from year to year, that the nature of this tenure was one from month to month. That is what I hold as a matter of law. I overrule your motion and I direct this jury to return a verdict for the defendants."

Did the court err in thus disposing of the issues involved? The material provisions of the lease are as follows:

"This lease, made at Youngstown, Ohio, this 1st day of May, 1934, by and between Carl J. Schmid and Edith S. Schmid, of Youngstown, County of Mahoning and State of Ohio, party of the first part, and Henry A. Stringfellow and Pauline S. Stringfellow, party of the second part.

"Witnesseth: That the first party hath let and leased and hereby do let and lease unto the second party, and their heirs. executors and administrators, the messuage or tenement situated in the city of Youngstown, County of Mahoning and State of Ohio",—

There is then found a description of the property.

"To have and to hold the same for the term of eleven months, commencing on the 1st day of May, 1934, and ending on the 31st day of March, 1935, upon the terms and conditions herein mentioned.

"Said second party doth hereby agree to pay the sum of $660.00 rent per year during the continuance of this lease, which rent is to be paid by the second party in monthly installments of $55.00 each, payable on the first day of each calendar month, in advance, from the commencement of the term of this lease. This lease shall be in force and effect from year to year upon the terms and conditions hereinafter set forth."

Further special provisions are found in the lease, as follows:

"It is further agreed that on or before any March 1st while this lease is in force and effect, the amount of rent to be paid for the next succeeding year from April 1st, is to be agreed upon by the parties hereto, or if no such agreement is made, then the rent paid the preceding year shall prevail for said succeeding year, and shall constitute a tenancy from year to year, from April 1st, to March 31st, to be terminated by either party by written notice given before March 1st, and at no other time.

"It is also understood that in the event that the employer of Mr. Henry Stringfellow transfers him to another city outside of Mahoning County or Trumbull County, and said transfer requires that he reside in said city, the party of the first part agrees upon written notice from him to release him from all obligations under this lease thirty days after receipt of such notice."

The answer of the defendants is to the effect, after admitting they did enter into the agreement as set out in the statement of claim, then deny every other allegation not admitted to be true, and, as a second defense, they aver that one of the provisions of the agreement of lease between the plaintiffs and the defendants was that should Henry A. Stringfellow be transferred

by his employer outside of Mahoning County or Trumbull County, and such transfer required that he resides outside of the city of Youngstown, then, upon notice to the lessors in said agreement of lease, said lessors were to release lessees from any and all obligations under said agreement of lease within thirty days after receipt of such notice; that defendant, Henry A. Stringfellow, was transferred by his employer; that such notice was duly given as required by said agreement of lease, and that by reason thereof the agreement of lease was terminated and plaintiffs therefore have no cause of action against the defendants herein, nor are they entitled to any rent; that on or about the 1st day of October, 1934, the plaintiffs herein were notified that the defendant, Henry A. Stringfellow, was transferred in his employment, and therefore would need to move his home outside of the counties of Trumbull and Mahoning, and for that reason desired to vacate the residence rented by the defendants, and that the defendants surrendered the key to the plaintiffs, that the plaintiffs made no objection thereto at that time, accepted the key and immediately put out a "For rent" sign, and agreed that said agreement of lease theretofore entered into should be cancelled, because void and of no further effect as of October 1st, 1934, and that these defendants did pay rent up to and including November 1st, 1934, and that they thereafter vacated the premises without any objections or interference whatever on the part of the plaintiffs.

A reply was filed denying all the statements, averments and allegations in the alleged second, third and fourth defenses as set out in defendants' statement of defense.

The record discloses that rent was paid in compliance with the lease for the first six months, and that thirty days prior to the claimed termination of the lease written notice was sent to the plaintiffs of defendants' intention to vacate, due to the fact, as defendants claim that Henry Stringfellow was transferred by his employer to territory outside of Mahoning County. There is sharp conflict in the evidence as to whether or not Stringfellow was actually transferred, as claimed, under the provisions of this lease. Therefore, a disputed question of fact was presented for the jury, and being a fact upon which this case might hinge due to the fact that the only way in which the speci-

fied term of eleven months could be properly terminated was by being transferred in accordance with the provisions in the lease, and giving a thirty days' notice required therein.

The giving of the thirty days notice is not seriously contested on the part of the plaintiffs. The court found that this was a tenancy from month to month, and we therefore assume that the court concluded that either party could terminate same at the end of any month, which would be true if the tenancy was of such character.

By the terms of the lease, is it such a tenancy? True, the rent was payable monthly. However, the lease was one for a definite period of eleven months, and the only legal and proper way same could be terminated would be by compliance with the terms thereof; that is, if Stringfellow was by his employer transferred to territory outside of Mahoning and Trumbull Counties. Otherwise, both parties were bound for a minimum period of eleven months.

We are unable to conclude that such a tenancy was one from month to month, but was one of certain and specified duration, and the fact that the payment of rent was to be made monthly in no way changed the character of the lease. It was a lease binding on both parties for the period of eleven months, terminated only on a condition subsequent, which the defendants claimed happened.

In the case of **Benjamin Grant v John C. Ramsey, 7 Oh St 157;** the second and third paragraphs of the syllabi read as follows:

"2. A parol lease of lands for more than one year, but less than three, will, by the taking possession under it, on the payment of rent according to its terms, be withdrawn wholly from the operation of the statute of frauds.

"3. In such case the tenant cannot by a voluntary abandonment of the premises during the term, terminate his further liability to pay rent, although the landlord may have neglected to execute a written lease according to the agreement of the parties, unless the abandonment appears to have been on account of such neglect."

In the case of **Strangward v The American Brass Bedstead Company, 82 Oh St 121,** the third paragraph of the syllabi is as follows:

"3. A lease which provides for a term of two years, the rent to be a stated sum per year during the continuance of the lease, is a leasing for a fixed term and is not a renting from month to month, although the rent is to be paid in specific installments on the first day of each month, in advance."

A definite period of time of occupancy was agreed to in this lease. The fact that the rent was payable monthly does not change in any way that specific provision. As hereinbefore indicated, there was presented a factual question as to whether defendant Stringfellow was actually transferred, as provided in the lease, and whether proper notice was given. In this state of the record this court is satisfied that a jury question was presented, and the court could not, as a matter of law, determine that factual question.

It is our conclusion that the court erred in directing a verdict for defendants under the record in this case.

Reversed and remanded.

ROBERTS and NICHOLS, JJ, concur.